```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                                        Criminal No. 09-cr-107-SM
                                                          Opinion No. 2009 DNH 148

<u>Mento Kaluanya</u>

**O R D E R**

Defendant, Mento Kaluanya, is a resident of Houston, Texas. He is charged with health care fraud, in violation of 18 U.S.C. § 1347, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. He moves the court to dismiss the indictment for lack of proper venue or, in the alternative, to transfer venue to the Southern District of Texas. For the reasons discussed below, that motion is denied to the extent it seeks dismissal of the indictment, but the request for change of venue is granted.

**Discussion**

I. <u>Dismissal for Lack of Venue</u>.

"The right to be tried in the appropriate venue is one of the constitutional protections provided to defendants by the Sixth Amendment." <u>United States v. Scott</u>, 270 F.3d 30, 34 (1st Cir. 2001). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district

wherein the crime shall have been committed." In addition, Rule 18 of the Federal Rules of Criminal Procedure provides that, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."

It is, however, well established that "where a crime consists of distinct parts which have different localities, the whole may be tried where any part can be proved to have been done." United States v. Lombardo, 241 U.S. 73, 77 (1916). That principle has been codified in 18 U.S.C. § 3237, which provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a).

The government bears the burden of showing that venue is proper by a preponderance of the evidence. See Scott, 270 F.3d at 34. When a defendant moves to dismiss an indictment prior to his or her trial, the court will accept as true all of the factual allegations set forth in the indictment. See, e.g., United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996); United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985). See also United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.").

Here, the government has carried its burden. The indictment adequately alleges that a portion of the criminal activity with which defendant is charged occurred in New Hampshire. Among other things, it alleges that HyCentral Medical Supply, Inc. – a New Hampshire corporation of which defendant was the president and registered agent – played an integral role in defendant's alleged identity theft and his scheme to defraud Medicare. See, e.g., Indictment (document no. 15) at paras. 17, 18, 20, 25, 29, 34, 39, and 44. According to the indictment, defendant used HyCentral to submit fraudulent reimbursement claims to Medicare

for durable medical equipment ("DME") allegedly prescribed by physicians practicing in Texas and Louisiana. The indictment also alleges that at least a portion of the payments made by Medicare on those allegedly fraudulent reimbursement claims went to (or was channeled through) HyCentral. Plainly, then, the indictment sets forth a sufficient factual basis to support venue in this district.

II. Change of Venue.

Of course, the fact that venue is proper in this district does not compel the conclusion that the case must (or even should) be tried here. As this court previously noted:

> A district court has broad discretionary power to transfer a criminal prosecution to another district "for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Crim. P. 21(b). In exercising that discretion, courts generally consider a number of factors identified by the Supreme Court in Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240 (1964). Those factors include: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the disruption of defendant's business if the case is not transferred; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special considerations relevant to transfer. Id. at 243-44. No one factor is likely to be dispositive, but all should be considered under the circumstances:
>
> > It is unlikely that any one of these factors will be present by itself in a particular

>           case.  Ordinarily the various factors appear
>           in combination, with some pointing in favor
>           of transfer and others against transfer.  It
>           is incumbent on the court in such a case to
>           strike a balance and decide which factors
>           seem to be of greatest importance in that
>           case.

United States v. Muratoski, 413 F. Supp. 2d 8, 9-10 (D.N.H. 2005) (quoting 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 344 at 275).

Considering the Platt factors, the court is persuaded that, on balance, a transfer of venue is warranted.  First, the defendant is a resident of Texas.  "[I]t is, of course, a physical, emotional, and economic hardship for this defendant to face trial in New Hampshire, far from his home [and family] in [Texas]."  Muratoski, 413 F. Supp. 2d at 11.  Among other things, travel from Texas to New Hampshire is expensive and defendant is apparently unemployed at the moment.  So, while a trial in New Hampshire would not disrupt his business (since he has none), it would certainly impose a financial burden on him – a burden that is all the more difficult to bear given his unemployed status.  Additionally, while he is ably represented by counsel here in New Hampshire, he prefers to be represented by Attorney Steven Shellist, a partner in a Houston law firm, close to defendant's home.

Second, and of even greater significance, many, if not most, of the potential trial witnesses live in or near Texas. Among other things, defendant is alleged to have improperly obtained and used Unique Provider Identification Numbers ("UPINs") and National Provider Identifier ("NPI") numbers and/or submitted forged documents ostensibly from four doctors practicing in Texas and one doctor practicing in Louisiana. And, orders were placed for durable medical equipment on behalf of patients living in Texas and Louisiana. Those potential victims and witnesses will be greatly inconvenienced and will likely miss substantial time at work if they are called to testify at a trial in New Hampshire. With respect to the physicians, patients will also be burdened by their absence. Plainly, if this case is tried in the Southern District of Texas it will be far more accessible to the victims, the witnesses, the keepers of relevant records (and the records themselves), and the defendant. Those records that are not already within the Southern District can be delivered there with relative ease. Efficiency and economics weigh heavily in favor of trial where the defendant and relevant witnesses live.

Next, as defendant points out, many of the events likely to be at issue took place in Texas and Louisiana. As noted above, defendant is alleged to have improperly obtained the UPINs and NPI numbers of doctors practicing in Texas and Louisiana; the

6

orders he placed for DME were made on behalf of people living in Texas and Louisiana; the supply houses through which defendant obtained the DME are located in Texas; and defendant was arrested in Texas.

In support of its opposition to venue transfer, the government points out that the docket is more congested in the Southern District of Texas than it is here in the District of New Hampshire. In response, defendant notes that the government will be well represented in that district, since it appears that the United States Attorney's Office in that district prosecutes far more DME fraud cases than are brought in this district and, at least implicitly, defendant suggests that the case may be handled more efficiently, given the government's greater familiarity with such cases in the Southern District.

Finally, a transfer of venue in this case would impose no undue burden upon the government. The critical evidence is likely in the form of documents which, to the extent they are not already in Texas, are easily transported and authenticated. Government employee-witnesses are either already located in Texas or can easily and conveniently travel from New Hampshire at no personal expense. And, in any event, the government's inconvenience is "a factor given little weight when other

considerations of convenience suggest transfer." <u>United States v. Gruberg</u>, 493 F. Supp. 234, 243 (S.D.N.Y. 1979).

## Conclusion

While defendant is alleged to have used a New Hampshire corporation as a conduit through which he submitted fraudulent claims to obtain Medicare reimbursement for DME, the vast majority of events underlying the case, the witnesses to those events, the documents related to those events, and the victims of defendant's alleged aggravated identity theft are all located in and around Texas.  Accordingly, while venue in this district is proper, the court concludes that, in the interest of justice, a transfer to the Southern District of Texas is warranted for the convenience of the defendant, likely witnesses, and victims.

Defendant's motion to dismiss for lack of venue or to transfer venue to the Southern District of Texas (document no. 32) is, then, granted in part and denied in part.  For the reasons discussed above, as well as those set forth in the government's memorandum (document no. 33), it is denied to the extent it seeks dismissal of the indictment for lack of venue.  It is, however, granted to the extent it seeks a transfer of this proceeding to the Southern District of Texas.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 7, 2009

cc: John J. Farley, Esq.
    Michael J. Gunnison, Esq.
    Michael J. Iacopino, Esq.